IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.: 5:11-CV-207-D

| | |
|---|---|
| NICOLE N. SHELTON-PURCELL and MARCUS A. PURCELL, SR., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) **ORDER** ) |
| GMAC MORTGAGE, *et al*., | ) ) |
| Defendants. | ) ) |

This cause is before the Court upon the motions for a more definite statement filed by various Defendants. (DE's 15, 19, 22). Plaintiffs have not responded to these motions, and the time for doing so has expired. Accordingly, these motions are now ripe for adjudication, and have been referred to the undersigned for disposition. (DE-24).

Plaintiffs filed their complaint on April 27, 2007, seeking the "rescission of an illegal and void Mortgage and Note to the certain real estate with the address commonly known as 2633 Pebble Meadow Lane, Raleigh, North Carolina 27610" (DE 1-1. ¶ 5). The Complaint is difficult to follow, although it appears to relate to a loan issued to Plaintiffs in the amount of $125,958.00 . *Id.* at ¶ 4. This loan appears to be secured by a mortgage on the aforementioned Pebble Meadow Lane property. *Id.* at ¶ 5. However, Plaintiffs do not allege which Defendant issued the Note or obtained the Deed of Trust as security, other than to identify all five defendants as the "purported lender." *Id.* at ¶ 4. Plaintiffs' Complaint includes four "counts" and two other sections that appear to include additional causes of action. *Id.* at pg. 5-11. These allegation are little more than bare bones recitations the elements of a cause of action, supported by mere

conclusory statements. Moreover, Plaintiffs fail to associate their individual claims with any specific Defendant. Only paragraphs 19 and 21 specifically name any Defendant, and in each case all five defendants are named. Finally, several of Plaintiffs' claims do not request any specific relief. For these reasons, Defendants are unable to respond to Plaintiffs' Complaint in any meaningful way.

Several Defendants now request that Plaintiffs be required to make a more definite statement of their claims pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Rule 12(e) provides that:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

F.R.Civ.P. 12(e).

The undersigned acknowledges that "[m]otions for more definite statements are not favored . . . [and] are designed to strike at unintelligibility rather than simple want of detail." Khair v. Countrywide Home Loans, Inc., 2010 WL 2486430 (E.D.Va. June 14, 2010)(quotations and citations omitted). Thus, a motion for a more definite statement should only be granted if a defendant cannot frame a response to a complaint. *See*, Blizzard v. Dalton, 876 F.Supp. 95, 100 (E.D.Va .1995) (*citing* Hodgson v. Va. Baptist Hosp., Inc., 482 F.2d 821, 824 (4th Cir. 1973). In addition, The Fourth Circuit has held that a request for a more definite statement, must be read in conjunction with Rule 8, which establishes general rules for pleadings. *See*, Hodgson, 482 F.2d at 822. Rule 8 states:

> . . . [ A ] claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction ...;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . .
>
> Fed.R.Civ.P. 8.

Here, as previously noted, Plaintiffs' allegations are so vague that Defendants cannot reasonably prepare a response and do not meet the requirements of Rule 8. For these reasons, Defendants' motions (DE's 15, 19, & 22) are GRANTED.

## Conclusion

For the aforementioned reasons, Plaintiffs are ordered to submit a more definite statement of each of their claims. The re-filed Complaint must specify which claims relate to which Defendants, make specific factual allegations regarding each Defendant, and contain specific demands for relief. Plaintiffs' shall re-file their Complaint no later than January 9, 2012. Failure to do so could result in their original Complaint being stricken and their claims being dismissed.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Wednesday, December 21, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE